1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

9
10
11

| RICKEY MILLER, | Civil No.   14-3018 JLS (DHB) |
| Petitioner, | |
| vs. | **ORDER:** |
| | **(1)  GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; and** |
| DANIEL PARAMO, Warden, | |
| Respondent. | **(2) CONSTRUING PETITION AS ONE FILED PURSUANT TO 28 U.S.C. § 2254** |

12
13
14
15
16
17

On December 24, 104, Petitioner, proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner did not pay the $5.00 filing fee, nor did Petitioner file a motion to proceed in forma pauperis.  Accordingly, the case was dismissed without prejudice and with leave to amend on January 30, 2015.  Petitioner was given until March 9, 2015 to either pay th $5.00 filing fee or submit adequate proof of his inability to pay the fee.  (ECF No. 3.)

On February 25, 2015, Petitioner file a motion for extension of time to satisfy the filing fee requirement.  (ECF No. 5.)  The motion was granted, and Petitioner was given until April 10, 2015, to satisfy the filing fee requirement.  (ECF No. 6.)

/ / /

/ / /

**<u>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS</u>**

On March 12, 2015, Petitioner filed a motion to proceed in forma pauperis together with a trust account statement. Petitioner has $0.00 on account at the facility in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court will file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

**<u>ORDER CONSTRUING PETITION</u>**

**<u>AS ONE FILED PURSUANT TO 28 U.S.C. § 2254</u>**

Although Petitioner filed this action pursuant to 28 U.S.C. § 2241, he is a state prisoner attacking a prison disciplinary hearing resulting in the loss of custody credits. (*See* Pet. at 1.) Therefore, Petitioner may not proceed under section 2241, but may proceed with a habeas action in federal court under 28 U.S.C. § 2254. *White v. Lambert*, 370 F.3d 1002, 1006-07 (9th Cir. 2004) (holding that section 2254 is the proper jurisdictional basis for a habeas petition brought by an individual "in custody pursuant to a state court judgment"). Section 2254 is properly understood as "'in effect implement[ing] the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." *Id.* at 1006 (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (emphasis in original). Accordingly, the Court **CONSTRUES** the Petition as one filed pursuant to 28 U.S.C. § 2254, and not one filed pursuant to 28 U.S.C. § 2241. ***The Clerk of Court is directed to modify the docket accordingly.***

**IT IS SO ORDERED.**

DATED: April 1, 2015

*Janis L. Sammartino*

Honorable Janis L. Sammartino
United States District Judge

14cv3018